GRAY, by guardian *ad litem,* Respondent, vs. NORTHERN
PACIFIC RAILWAY COMPANY, Appellant.

*April 20—May 11, 1909.*

*Railroads: Injuries to employees: Scope of employment: Operation
of locomotive: Negligence of engineer: Sufficiency of evidence:
Contributory negligence.*

1. A railway employee directed by his foreman to place certain en-
   gines on a designated track is within the proper course of his
   duty in throwing a switch so as to permit the engines to run
   thereon.
2. A railway employee in the line of his duty has a right to have a
   locomotive, operated in connection with his duties, operated and
   managed with ordinary care and prudence.
3. Evidence that an engineer started his locomotive before any
   signal to start was given, it being customary to give such signal,
   permits the inference that the locomotive was mismanaged and
   negligently started.
4. The test of contributory negligence is whether or not the person
   injured exercised the degree of care at the time that ordinarily
   careful persons exercise under the same or similar circum-
   stances.

APPEAL from a judgment of the circuit court for Ashland
county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

This is an action to recover damages for injuries received
by the plaintiff while in the employ of the defendant as a
hostler's helper in the railroad yards of the defendant at Liv-
ingston, Montana, and which injuries are claimed to be due
to the negligence of the defendant. At the time of the acci-
dent, May 15, 1907, the plaintiff, although a minor but six-
teen years of age, was an adult in size, weighing about 180
pounds. He had had previous experience as a hostler's helper
as an employee of the defendant in the state of Washington,
and on the evening prior to the accident had been employed
by the defendant to perform the usual duties of a helper,
building fires in locomotives, watching engines, furnishing
them with water, and preparing them for service. He had

reported to the foreman of the roundhouse for orders, and during the first night of his employment had assisted the foreman in placing the locomotives coming into the yards upon the tracks as desired by the foreman. The plaintiff was injured while in the act of stepping upon the pilot of a moving engine which had been cut off from its train and was being brought into the yards by the engineer and fireman to be delivered to the hostlers. The engineer and fireman had completed their run and had brought the particular engine which caused the injury, a west-bound one, onto a lead track which connected with the various tracks in the yards. Plaintiff testified that he had been directed by the foreman of the roundhouse to place west-bound engines upon certain tracks. He testified that in obedience to orders from the roundhouse foreman he undertook to help to run this engine onto the "coal track;" that, before the engine had reached the switch by which it could be run upon the track upon which it was desired to place it, he had signaled the engineer to stop and that the engine stopped; that he crossed to the other side of the track and threw the switch; that he then went toward the pilot of the engine, intending to step upon it and from that position to give the signal to the engineer to proceed; that when he was a few feet in front of the engine and about to step forward to step upon the pilot the engine suddenly started without having been signaled to go ahead and without a warning by bell or whistle having been given; that it was impossible for him to withdraw; and that he raised his foot to place it upon the pilot as his only chance to save himself from injury, but that before he could complete this action he was thrown down by the engine and his foot was crushed so that it was subsequently necessary to amputate the leg below the knee. The alleged negligence of the engineer consisted in starting the engine without having received the signal from the plaintiff and in not giving a warning when about to move as the rules of the company provided.

The evidence of the engineer and of other employees of the defendant contradicted the testimony of the plaintiff as to the fact of the engineer stopping upon the signal of the plaintiff, as to whether or not it was customary for the engine crew to give a warning before starting when running in the yards, and as to whether or not plaintiff was at the place of injury in the proper discharge of his duty. It was claimed by the defendant that the plaintiff improperly took part in the service of throwing the switch and in placing the engine in the yards before it had been abandoned by the crew, and that he was guilty of contributory negligence. The questions of negligence and contributory negligence were resolved by the jury in plaintiff's favor. This is an appeal from the judgment on the verdict. .

For the appellant there was a brief by *Louis Hanitch,* attorney, and *C. W. Bunn* and *L. T. Chamberlain,* of counsel, and oral argument by *Mr. Hanitch.*

For the respondent there was a brief by *Samuel A. Anderson* and *Richard Sleight,* and oral argument by *Mr. Anderson.*

Siebecker, J. The contention is that the defendant's engineer exercised ordinary care in operating and managing the engine at the time of the accident, and that therefore no negligence was shown making defendant liable to the plaintiff for the injury. There is evidence warranting the jury in concluding that plaintiff at the time of the accident was taking the engine in on the coal track under the roundhouse foreman's directions and that he did this in the regular course of his employment. The claim that he unnecessarily and voluntarily assumed to throw the switch for placing this engine in the yards is not free from dispute. If the jury should find that he was ordered to take this and other west-bound engines in on the coal track, it was within his proper course of duty under the facts and circumstances to throw this switch in

complying with this order. It cannot be said, therefore, that he was outside of his line of duty. Since the jury found him in the line of duty, it follows that he had a right to have the engine operated and managed at the time and place with ordinary care and prudence.

The inquiry is: Does the evidence sustain the jury's finding that the engineer was careless in handling the engine, and did such carelessness cause plaintiff's injury? There is evidence to the effect that in the customary way of performing plaintiff's service the person throwing the switch, after lining up the track, would take his place on the pilot and then give a signal to the engineer to start his engine, and that the engine was not started until such signal had been given. That the engineer started this engine before any signal to start was given by the plaintiff, who threw the switch on this occasion, is not disputed. This permits of the inference that the engine was mismanaged and negligently started and thereby imperiled plaintiff's safety. Hence the jury's finding that the defendant's engineer negligently started the engine and thereby caused plaintiff the injury complained of cannot be reversed as unsupported by the evidence.

The further claim is made that plaintiff was guilty of negligence in attempting to step onto the pilot while the engine was in motion. It is shown that plaintiff was stationed outside the rails, facing the engine, and in the act of stepping onto the pilot just after he had thrown the switch when the moving engine collided with and injured him. It appears in evidence that the customary way of performing the service in which plaintiff was engaged was to bring the engine to a stop near the switch to be thrown, to throw the switch, step onto the pilot, and then give the signal to start. Plaintiff testified that he was in the act of approaching the engine to step onto the pilot and give the signal to start; that when within about three feet of it he observed the engine moving toward him; that he was in the act of stepping onto the pilot when it struck

and injured him; and that in that situation he attempted to step onto the pilot as the best way to avoid injury from the moving engine. It is manifest that he was then in a perilous position which demanded immediate action to avoid the danger. It cannot be said as matter of law, in view of his situation and his opportunities for protecting himself, that his attempting to step onto the pilot to avoid the danger was negligence. He testifies that he did so to save himself—that he was about to take this step in the usual and customary way of performing the service assigned to him when he discovered the danger of being struck. Whether he exercised ordinary care in doing so is an inference of fact from the evidence, and should be resolved by the jury under the legal test of whether or not he exercised the degree of care at the time that ordinarily careful persons exercise under the same or similar circumstances. The jury found that he did. In view of the evidence this finding must stand as a fact.

No other questions are raised against the judgment.

By the Court.—Judgment affirmed.